

FILED

U.S. 2 0 2019

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Timothy A. Brown _____     Docket No. 2:17CR00010-001 _____

### Petition on Supervised Release

COMES NOW Eddie Lawrence, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Timothy A., who was placed on supervision by the Honorable Jackson L. Kiser, Senior United States District Judge, Western District of Virginia, on the 3rd day of March, 2010, who fixed the period of supervision at four (4) years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Attachment(s)

*Mr. Brown began his term of supervision on February 2, 2016, and transfer of jurisdiction of this case was effective January 24, 2017, to the Honorable Mark S. Davis.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**ORDER OF COURT**

Considered and ordered this 20th day of December, 2019 and ordered filed and made a part of the records in the above case.

/s/ MSD

Mark S. Davis
Chief Judge

_____

The Honorable Mark S. Davis
Chief United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: December 18, 2019

Eddie Lawrence

Eddie Lawrence
U.S. Probation Officer

Place: Richmond, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
**Page 2**
**RE: Brown, Timothy A.**

## OFFENSE:

21 U.S.C. § 841(a)(1): Possession with intent to distribute more than 500 grams of cocaine powder (Count 1).

18 U.S.C. § 924 (c): Possession of a firearm in furtherance of a drug trafficking crime (Count 2).

## SENTENCE:

One hundred thirty (130) months imprisonment, followed by a four-year term of supervised release, and $200 Special Assessment.

## SPECIAL CONDITIONS:

1. The defendant shall pay any special assessment that is imposed by this Judgment.
2. The defendant shall participate in a program of testing and treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the Probation Officer.
3. The defendant shall reside in a residence free of firearms, ammunition, destructive devices and dangerous weapons
4. The defendant shall submit to warrantless search and seizure of person and property as directed by the Probation Officer, to determine whether the defendant is in possession of firearms or illegal controlled substances.

## ADJUSTMENT TO SUPERVISION:

Since beginning his term of supervised release, Mr. Brown's adjustment can best be described as below average. Of specific concern is his lack of stable and verifiable employment, along with his refusal to accept responsibility for a recent positive test for cocaine.

On September 7, 2019, this officer contacted Brown via telephone to make arrangements for the collection of a urine sample that morning. Brown said he was in Smithfield, Virginia and not at his residence in Windsor, Virginia. When asked for a specific location and his activities in Smithfield, Brown jokingly responded that he was "trying to make a living," but not that he was actually working. After agreeing to meet at his parent's residence, also in Smithfield, this officer arrived at the location and encountered Brown standing outside the residence and leaning into the front passenger side of a pickup truck he recently purchased.

After entering his parents' residence to collect the urine screen, Brown became argumentative and slightly belligerent. He questioned why this officer had been visiting him so frequently and was upset because it was during the weekend. Brown was reminded that effective supervision requires scheduled and unscheduled contacts and that previous visits had occurred during the weekend. He was also reminded of previous conversations during which this officer explained his supervision level, his lack of stable and verifiable employment, and general concerns regarding his activities in the community. Lastly, he was informed that he was not the only person on this officer's schedule. After providing the urine sample, Brown requested – and was provided with - the name and contact number for this officer's supervisor. He was encouraged to call if he felt he was being treated unfairly.

Petition on Supervised Release
Page 3
RE: Brown, Timothy A.

On September 23, 2019, notification was received indicating the sample provided by Brown on September 7, 2019, was positive for cocaine. When contacted via telephone regarding the positive test, Brown adamantly denied using cocaine. On September 24, 2019, this officer met with Brown in Smithfield, Virginia, and presented him with an Admission of Use Form. Brown once again denied using or touching cocaine by writing in the comment section, "I deny use of cocaine or touch." He was placed on Code-A-Phone drug testing to more closely monitor his drug use.

On September 29, 2019, laboratory analysis of the aforementioned sample confirmed the presence of BENZOYLECGONINE-COCAINE METABOLITE. Brown was given yet another opportunity to admit use or explain how cocaine was present in his system. Brown continued to deny any knowledge of cocaine and accused this officer of setting him up. He was informed that the matter would be addressed before the Court.

## SUMMARY

Mr. Brown is a 56-year-old man who, once again, finds himself before the Court for violating the law and Breach of the Courts' trust. Throughout his term of supervision, Brown has done the bare minimum to comply with his conditions of release. Of specific concern is Brown's refusal to accept responsibility that he used and or possessed cocaine.

During his initial intake interview on February 16, 2016, Brown stated to his assigned officer that he did not have a drug problem and had not used drugs since 2005. On November 22, 2016, Brown submitted a urine sample which subsequently tested positive for cocaine. Brown did not initially accept responsibility when confronted by the officer supervising him at the time. He was referred for substance abuse treatment and began a 16-week course on February 10, 2017, until successfully completing the program on June 12, 2017.

During his period of supervision, Brown has been either unemployed or employed in positions which offer a high level of fluidity of movement throughout the community. On February 16, 2016, Brown met with his assigned officer for an initial intake interview. During the visit, Brown stated he had "resigned" from Smithfield Packing the prior day to work for Vernon Ray Edwards Painting. At the time this officer assumed supervision responsibility of his case, Brown had been unemployed since April 10, 2018, and did not appear motivated to gain full-time verifiable employment. After repeated warnings and admonishments, Brown obtained employment through Tidewater Staffing but worked less than 23 verifiable hours.

In July 2019, Brown stated he would be receiving a substantial cash settlement relating to an employment discrimination lawsuit. He planned to use the money to start his own lawncare business. During the September 7, 2019 field contact, Brown stated that he received the payment and purchased lawncare equipment, a pickup truck (same observed outside parents' residence) and filed for a business license. Per this officer's request, on September 13, 2019, Brown provided documentation related to his lawncare business, including job invoice receipts and business license. The business is named Tim's Lawn Service with date of issue on January 8, 2019.

Brown has not provided formal documentation of the payout amount from his settlement and states that most of his newly established employment is via word of mouth.

Brown's activities in the community are ambiguous and troubling. Upon inquiry, he repeatedly reports spending time with different women, "working side jobs" as a painter, and now running a lawncare business mainly consisting of a clientele of friends and associates. And now, having tested positive for cocaine for the second time during his supervision period, Brown refuses to accept responsibility.

**Petition on Supervised Release**
**Page 4**
**RE: Brown, Timothy A.**

Lastly, this officer notes Brown's lingering resentment regarding opposition to his Motion for Early Termination. Mr. Brown's arrest history stretches out over decades and is littered with crimes of violence. At the time of his last arrest, Mr. Brown, then age 46, was found with a substantial amount of cash and a loaded .357 caliber handgun on the passenger floorboard where he was seated. Now at age 57, Brown continues to engage in criminal activity. When confronted about the allegation before the Court, Brown responded "I know how the system work", adding he felt it was unfair because he knows other individuals on supervision who are committing crimes. When asked to provide names, he declined.

<u>**VIOLATIONS**</u>: The following violation is submitted for the Court's consideration.

**CONDITION 7:**                 **POSSESSION OF COCAINE.**

On September 7, 2019, Timothy A. Brown submitted a urine specimen which laboratory testing subsequently confirmed positive for cocaine.

EL/jjr